IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JIN XIU LIN, | CASE NO. 1:18-CV-1861 |
| Plaintiff, | |
| | JUDGE DONALD C. NUGENT |
| v. | |
| | |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *et al.* | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

This matter comes before the Court upon Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF #17). Plaintiff has filed a Memorandum in Opposition (ECF #20) and Defendants have submitted a Reply. (ECF #21). This matter is fully briefed and ripe for review. After careful consideration of the pleadings and a review of all relevant authority, Defendants' Motion to Dismiss is GRANTED.

I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff Jin Xiu Lin ("Plaintiff" or "Lin") brings this action against Defendants Karyn Zarlenga, Field Office Director, U.S. Citizenship and Immigration Services; L. Francis Cissna, Director, U.S. Citizenship and Immigration Services; and William P. Barr, Attorney General of the United States[2] (collectively, "Defendants" or "USCIS") seeking mandamus, injunctive and declaratory relief under the Administrative Procedure Act (the "APA") and the Mandamus Act. 5

---

[1] The facts as stated in this Memorandum Opinion and Order are taken from the Complaint (ECF #1) and/or from undisputed facts set forth in the Parties' briefs. They should not be construed as findings of this Court.

[2] Pursuant to Fed. R. Civ. P. 25(d), Attorney General William P. Barr is automatically substituted as a party to these proceedings.

1

U.S.C. § 701 *et seq.*; 28 U.S.C. § 1361. Plaintiff challenges USCIS's February 28, 2014 and November 14, 2017 denials of her applications to adjust her immigration status to a lawful permanent resident ("LPR") pursuant to 8 U.S.C. § 1255(a) and USCIS's February 15, 2018 denial of her motion to reconsider.

Plaintiff is a native and citizen of China. (Compl., ECF #1, at ¶ 5). On October 13, 2000, Plaintiff arrived at Los Angeles International Airport and presented a valid U.S. passport in the name of Kristina Injung Choi to an immigration official. (*Id.* at ¶¶ 15-16). Plaintiff was referred to a secondary screening, during which Plaintiff told officials she did not know she was in possession of a U.S. passport as she did not speak or read English. (*Id.* at ¶ 18-19). Plaintiff also informed officials that she purchased the passport from an agent for the purpose of applying for asylum in the United States. (*Id.* at ¶ 20).

Plaintiff was denied admission into the United States and her case was referred for a credible fear interview. (*Id.* at ¶¶ 21-22). She was found to have a credible fear of persecution if she returned to China, and as a result, the Legacy Immigration and Naturalization Service ("INS") issued a Notice to Appear Form I-862 ("NTA" or "Form I-862"). (*Id.* at ¶ 23). The NTA stated that Plaintiff was removable pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) (fraud or material misrepresentation) and 8 U.S.C. § 1182(a)(7)(A)(i)(I) (lack of valid documentation). (*Id.*). Following the interview, Plaintiff was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5) and her immigration matter was transferred to New York, New York. (*Id.* at ¶ 24). On April 17, 2002, Plaintiff's application for asylum was denied and her subsequent appeal was denied on September 15, 2003. (*Id.* at ¶ 25).

On April 17, 2003, Plaintiff married Jiang Tong Jiang ("Jiang") who became a naturalized U.S. citizen in August 2013. (*Id.* at ¶ 26). On November 19, 2013, Jiang filed a Form I-130 Petition

2

for Alien Relative ("Form I-130") and Plaintiff filed a Form I-485 Application to Register Permanent Residence or Adjust Status ("Form I-485") with USCIS. (*Id.* at ¶ 28). On February 28, 2014, USCIS approved Jiang's Form I-130, but denied Plaintiff's Form I-485, finding Plaintiff inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(C)(ii)(I) for making a false claim to United States citizenship. (*Id.* at ¶ 31). Plaintiff filed a motion to reconsider with USCIS, which was denied on July 20, 2014. (*Id.* at ¶ 32). On August 9, 2017, Plaintiff filed another Form I-485 with USCIS, which was subsequently denied on November 14, 2017, again finding Plaintiff statutorily ineligible for adjustment of status on the basis that she made a false claim to U.S. citizenship. (*Id.* at ¶ 33-34). Plaintiff timely filed a Form I-290B Notice of Appeal or Motion ("Form I-290B") and an affidavit (Pl. Aff., ECF #1-2, at p. 1-2), requesting USCIS reconsider its 2017 denial, which USCIS denied on February 15, 2018. (*Id.* at ¶ 36).

## II. STANDARD OF REVIEW

### A. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. Ohio 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. Ky. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. Tenn. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels, conclusions, and a formulaic recitation of

the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545 548, at *2 (6th Cir. Ohio Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. Ohio 2001). The Sixth Circuit has held that a court may consider allegations contained in the complaint, as well as exhibits attached to or otherwise incorporated in the complaint, all without converting a motion to dismiss to a motion for summary judgment. Fed. R. Civ. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

## III. STATUTORY AND REGULATORY FRAMEWORK

### A. Judicial Review under the Administrative Procedure Act

A final agency action is subject to a deferential standard of judicial review under the Administrative Procedure Act. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-44 (1984). A court must hold unlawful and set aside agency action, findings and conclusions found to be "arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. 706(2)(A); *GTE Midwest, Inc. v. FCC*, 233 F.3d 341, 344 (6th Cir. 2000). An agency decision is arbitrary and capricious if the agency fails to examine

the relevant evidence or articulate a satisfactory explanation for the decision. *See Bangura v. Hansen*, 434 F.3d 487, 502 (6th Cir. 2006).

The scope of judicial review under § 706 is a narrow and highly deferential one, and courts "should accept the agency's factual findings if those findings are supported by substantial evidence on the record as a whole." *See Nat'l Ass'n of Home Builders v. Defs. Of Wildlife*, 551 U.S. 644, 658 (2006); *see also Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992). A court may not substitute its judgment for that of the agency, but rather, its role is to ensure that the agency's decision is based on relevant actors and not a "clear error in judgment." *See Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971).

### B. Adjustment of Status under 8 U.S.C. § 1255(a)

Section 245(a) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1255(a), permits an alien to adjust his status to that of a lawful permanent resident if the alien currently has an immigrant visa immediately available. 8 U.S.C. § 1255(a) provides, in pertinent part:

> The status of an alien who was *inspected and admitted or paroled* into the United States...may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if:
>
> (i) The alien makes an application for such adjustment,
> (ii) The alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and
> (iii) An immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a) (emphasis added); *see also* 8.C.F.R. §§ 245.2(a)(2)(i)(A), (B), and 245.1(g)(1). The applicant for admission bears the burden of proving he or she is not inadmissible. 8 U.S.C. § 1361. "Because an alien seeking to adjust his status is in a position similar to that of an alien seeking entry into the United States, the alien bears the burden of establishing that he is 'clearly and beyond doubt entitled to be admitted and is not inadmissible.'" *Ferrans v. Holder*, 612 F.3d

5

528, 531 (6th Cir. 2010) (quoting *Matovski v. Gonzales*, 492 F.3d 722, 738 (6th Cir. 2007); 8 U.S.C. § 1229(a)(c)(2)(A).

### A. Inadmissibility Pursuant to 8 U.S.C. § 1182(a)(6)(C)(ii)(I)

To adjust status to that of a lawful permanent resident, an alien must demonstrate he or she is not subject to inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(C)(ii)(I), which provides, in pertinent part:

(i) In general. Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procedure) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible.

(ii) Falsely claiming citizenship. (I) in general. Any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United states for any purpose or benefit under this chapter (including section 1324(a) of this title) or any other Federal or state law is inadmissible.

## IV. DISCUSSION

Plaintiff asks this this Court to find that USCIS improperly found her statutorily ineligible for adjustment of status on the ground that she is inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(C)(ii)(I). Plaintiff seeks review of USCIS's decision pursuant to the Administrative Procedure Act and the Mandamus Act. 5 U.S.C. § 701 *et seq.*; 28 U.S.C. § 1361. Defendants argue dismissal of Plaintiff's Complaint is proper as USCIS was statutorily required to deny Plaintiff's applications and thus its decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

### A. The Plain Language of 8 U.S.C. § 1182(a)(6)(C)(ii)(I) Compels a Finding that Plaintiff Fails to State a Claim under the APA

The issue before this Court is whether the statutory language of 8 U.S.C. § 1182(a)(6)(C)(ii)(I) requires that an alien possess a "subjective intent to gain admission into the United States as a U.S. citizen." (Compl., ECF #1, at ¶ 51). This Court finds that it does not. In

order to trigger inadmissibility, the plain language of 8 U.S.C. § 1182(a)(6)(C)(ii)(I) requires only that a claim to U.S. citizenship by an alien be *false* and be made *"for any purpose or benefit"* under the INA, federal, or state law. (emphasis added). 8 U.S.C. § 1182(a)(6)(C)(ii)(I); *see Matter of Richmond*, 26 I&N Dec. at 783. A false claim "encompasses any false claim to United States citizenship present or past[.]" *Id.*

By its plain language, the statute makes no reference to knowledge or subjective intent. Where statutory language is clear, courts are required to "give effect to the unambiguously expressed intent of Congress." *See Chevron, U.S.A., Inc. v. NRDC*, 467 U.S. 837, 843 (1984). Congressional intent is ascertained by examining the plain ordinary meaning of the statute, including the "language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Yates v. United States*, 135 S. Ct. 1074, 1077 (2015) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)).

Plaintiff argues that because she did not know she was in possession of a valid U.S. passport, she did not "knowingly claim that she was a United States citizen when arriving at Los Angeles International Airport." (Compl., ECF #1, at ¶ 48; Pl. Aff., ECF #1-2, at ¶ 6). She asks this Court to look beyond the plain language of the statute and read in a subjective requirement such that lack of knowledge as to the origin of the passport shields her from inadmissibility under 8 U.S.C. § 1182(a)(6)(C)(ii)(I). Basic canons of statutory construction do not support such an interpretation.

The statutory language of the admissibility bar in 8 U.S.C. § 1182(a)(6)(C)(ii)(I) requires only that an individual falsely represent himself to be a citizen of the U.S. for any purpose under the law. *See Matter of Richmond*, 26 I&N Dec. at 783. The law prohibits admissibility for those false representations regardless of subjective intent. Conversely, inadmissibility standards set forth

in neighboring subsections of the INA, including subsection 8 U.S.C. § 1182(a)(6)(C)(i), expressly denounce those claims to U.S. citizenship made "by fraud or willfully mispresenting a material fact" for the purpose of procuring a "visa, other documentation, or admission into the United States or other benefit provided" under the law. 8 U.S.C. § 1182(a)(6)(C)(i).

This Court presumes Congress's disparate language in the INA is intentional. *See Dean v. United States*, 556 U.S. 568, 573 (2009) (quoting *Russello v. United States*, 464 U.S. 16, 23, 104 S. Ct. 298 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."; *see also I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421, 432 (1987) (concluding that Congress's use of different language in two statutory sections of the INA must mean that it intended that their meanings differ.")

Moreover, the Eleventh Circuit recently opined in *Patel v. U.S. Attorney General* that it "doubt[ed] that there is a knowing requirement" in 8 U.S.C. § 1182(a)(C)(ii)(I), noting Congress's express inclusion of a knowledge requirement in subsection (i). *See Patel v. U.S. Attorney General*, 917 F.3d 1319, 1326 (11th Cir. 2019).[3] In *Patel*, the court compared the statutory language of subsection (ii)(I) with that of subsection (i), finding "if we interpreted [8 U.S.C. § 1182(a)(C)(ii)(I)] to include a knowing requirement, it would render superfluous the exception in the immediately following subsection." *Id.* at 1326, fn.5. This Court agrees that the plain language

---

[3] In Footnote 5, the Court explained further: "We seriously doubt that § 1182(a)(6)(C)(ii)(I) requires the false claim to be knowing. For starters, the text does not mention a "knowing" or "willful" false representation of citizenship. *See Valadez-Munoz v. Holder*, 623 F.3d 1304, 1309 n.7 (9th Cir. 2010) ("It should be noted that the criminal statute requires the representation to be both false and willful, while [§ 1182(a)(6)(C)(ii)(I)] only requires falsity.") And, again, the immediately preceding subsection does include a knowing requirement. § 1182(a)(6)(C)(i) ("Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure...[an immigration benefit] is inadmissible."

of 8 U.S.C. § 1182(a)(6)(C)(ii)(I) and Congress's inclusion of a knowledge requirement in neighboring subsections supports a finding that Congress did not intend to limit false claims to citizenship under 8 U.S.C. § 1182(a)(6)(C)(ii)(I) to only those involving willfulness or knowledge.

While the parties in this matter focus their arguments on the language of 8 U.S.C. § 1182(a)(6)(C)(ii)(I), individual provisions must be read with the context of the entire statute in mind. *See King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991) ("[A] statute is to be read as a whole, since the meaning of statutory language, plain or not, depends on context.") (citations omitted). A review of the statutory scheme of the INA supports USCIS's finding that Plaintiff is inadmissible for making a false representation to U.S. citizenship pursuant to subsection (ii)(I). To conflate the knowledge requirement of another INA subsection with the statutory language of subsection (ii)(I) would be to render Congress's intentional inclusion of that language in subsection (i) superfluous.

Given the plain language of the statute and a review of the statutory scheme and relevant case law, this Court finds that Congress did not contemplate a willful or subjective element for 8 U.S.C. § 1182(a)(6)(C)(ii)(I). Because the statutory provision at issue is unambiguous, this Court need not address whether USCIS's interpretation of 8 U.S.C. § 1182(a)(6)(C)(ii)(I) would nevertheless be entitled to deference under the standard set forth in *Skidmore*. *See Skidmore v. Swift & Co.*, 323 U.S. 134, 139-40 1994 (where the court enunciated factors including "the thoroughness evidence in [the agency's consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.") This Court finds USCIS was statutorily compelled to deny Plaintiff's applications to adjust her status and its decision is not arbitrary, capricious, or otherwise not in accordance with the law.

## B. USCIS's Denial of Plaintiff's Request to Adjust Status was Proper as a Matter of Law

A determination of inadmissibility, pursuant to the three-part test established in *Matter of Richmond*, contemplates only whether an alien (1) falsely represents or has falsely represented...himself to be a citizen of the United States, (2) for any purpose or benefit, (3) under the law. 26 I&N Dec. at 783. USCIS's denial of Plaintiff's petitions to adjust her status not only comports with the plain language of 8 U.S.C. § 1182(a)(6)(C)(ii)(I), it satisfies the *Matter of Richmond* three-prong test.

In *Richmond*, the Board of Immigration Appeals (the "Board"), set binding precedent pursuant to 8 C.F.R. § 103.10(b) for USCIS to follow in determining whether inadmissibility based on a false claim to U.S. citizenship includes the requirement that an alien have knowledge of the falsity of the claim to citizenship. 26 I&N Dec. at 786; 8 C.F.R. § 103.10(b) (which reads, in pertinent part, "...decisions of the Board, and decisions of the Attorney General, shall be binding on all officers and employees of the Department of Homeland Security or immigration judges in the administration of the immigration laws of the United States.").

To begin, Plaintiff admitted she presented a United States passport that did not reflect her true identity to immigration officials. (Pl. Aff., ECF #1-2, at ¶¶ 7-11). Plaintiff urges this court to recognize a distinction between her knowing that she was presenting a passport not in her name and knowing that passport was a United States passport. (Pl. Opp., ECF #20, at p. 12-13). This Court would have to ignore binding precedent to recognize such a distinction. Plaintiff presented the passport twice; once to an immigration official upon arrival at the airport and again during a second inspection. Under *Richmond*, the first prong requires only that a false representation of U.S. citizenship be made. It makes no mention of whether an alien be cognizant of the origin of

the representation. As such, Plaintiff's conduct constitutes a false representation as articulated under the first prong in *Richmond*.

The second prong in *Richmond* is two-fold. First, the false representation must be for a purpose or benefit. The Board interpreted this to mean that the alien must "make[] a false claim to United States citizenship with the 'subjective intent' to obtain a 'purpose or benefit' under the [INA] or other Federal or State law." 26 I&N Dec. at 784. Further, the "purpose or benefit must be determined objectively – that is, the United States citizenship must actually affect or matter to the purpose or benefit sought." *Id.* at 787. Plaintiff concedes that she purchased the passport from an agent so that she "could board [her] flight to the United States, and so that [she] could land in the United States and apply for asylum. (Pl. Aff., ECF #1-2, at ¶ 14). This Court agrees with USCIS's conclusion that there is "direct or circumstantial evidence" to support a finding that Plaintiff's false claim was made "with the subjective intent of achieving a purpose or obtaining a benefit." *Id.* at 786. Plaintiff admits it was her intent to seek admission and permanent relocation in the United States. (*Id.* at ¶¶ 4, 14). It was her subjective intent for the false claim to allow her a benefit and but for the validity of the U.S. passport, Plaintiff "would not have been permitted to board the aircraft that brought her to the [U.S.] in order to seek admission had her true citizenship been know." (2018 Dec., ECF #1-6, at p. 4-5). USCIS properly concluded that both parts of the second prong are met.

Finally, this Court agrees that Plaintiff does not dispute that she sought a "purpose or benefit" under federal law in making her false claim. She admits she knew the passport did not represent her identity, that she purchased it so she could board her flight, land in the United States, and apply for asylum. Her presentation of the passport to airline officials constitutes the "direct and proximate act that permitted her to arrive on U.S. soil and present herself for inspection."

11

(2018 Dec., ECF #1-6, at p. 4-5). As USCIS correctly notes, it is specifically this conduct that enabled her to apply for adjustment of status in the United States. For these reasons, the third prong is satisfied.

USICIS's application of the three-prong test is thorough and well-reasoned. Plaintiff concedes material facts, including that she knew the passport did not represent her identity and that she presented it for the purpose of landing in the United States to seek asylum. The INA makes clear that an alien seeking to demonstrate admissibility for the purpose of an application for adjustment of status must demonstrate admissibility "clearly and beyond doubt." 8 U.S.C. § 1229(a)(c)(2)(A). This Court finds Plaintiff has failed to prove admissibility beyond doubt and agrees Defendants' decision was made in accordance with the Board's standard in *Richmond* and lawfully found Plaintiff inadmissible pursuant to § 1182 (a)(6)(C)(ii)(I).

### C. Plaintiff Fails to State a Claim under the Mandamus Act

In her Complaint, Plaintiff invokes relief under the Mandamus Act. (Compl., ECF #1, at ¶¶ 1-2). The Mandamus Act provides that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff. 28 U.S.C. § 1361. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owed him a clear nondiscretionary duty." *Heckler v. Ringler*, 466 U.S. 602, 616 (1984).

Where a duty is found, three conditions must be met before mandamus may issue: first, the party seeking issuance must have no other adequate means of relief. *Cheney v. United States Dist. Court*, 542 U.S. 367, 381 (2004). Second, he must establish that his right to issuance is

undisputable. Finally, in the exercise of its discretion, the issuing court must be satisfied that mandamus is appropriate under the circumstances. *Id.*

Plaintiff fails to state a claim under the Mandamus Act as USCIS has already issued decisions on Plaintiff's applications to adjust her status and her motion to reconsider. Plaintiff does not contend that she has been "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Further, relief under the Mandamus Act is not available to Plaintiff as she has an adequate remedy available to her under the APA, pending in this action. Because Plaintiff has a remedy available under the APA, this Court agrees with Defendants and dismisses Plaintiff's claim for relief under the Mandamus Act. *See Serrano v. United States Att'y Gen.*, 655 F.3d 1260, 1263-64 (11th Cir. 2011) (upholding dismissal of mandamus claim because plaintiff had adequate remedy under the APA).

## V. CONCLUSION

Plaintiff Lin fails to provide any grounds for entitlement to relief against Defendants USCIS. For the aforementioned reasons, Defendants' Motion to Dismiss is hereby GRANTED. All claims made against USCIS in Plaintiff's Complaint are DISMISSED WITH PREJUDICE pursuant to Fed. Civ. R. 12(b)(6).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATED: April 29, 2019